IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 15-cr-00196-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**RANDIRAY DAVID DELACRUZ**,

    Defendant.

## PLEA AGREEMENT

The United States of America ("the Government"), by and through Jason St. Julien, Assistant United States Attorney, and the defendant, Randiray David Delacruz, personally and by counsel, John M. Richilano, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

**A.    Defendant's Plea of Guilty:**

The defendant agrees to plead guilty to Count One of the Indictment [ECF No. 1], charging a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition. The defendant also agrees to waive his appellate rights as set forth below.

**B.    Government's Obligations:**

In exchange for the defendant's plea of guilty, the United States agrees to: (1) recommend the Court give the defendant full credit for acceptance of responsibility per U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 (2014), unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and

Court's Exhibit 1

3E1.1, cmt. n.4, between the time of the guilty plea and sentencing; and, (2) seek a sentence at the low end of the advisory guideline range as finally calculated by the Court.

### C. Defendant's Waiver of Appeal

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 23; or, (3) the Government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

D.  **Defendant's Abandonment of Right, Title and Claim to Seized Property—Firearms and Ammunition**

The defendant hereby agrees that any firearms and/or ammunition defined in 18 U.S.C. § 921, seized from the defendant and currently in the custody and/or control of the Bureau of Alcohol, Tobacco and Firearms, were properly seized and are subject to forfeiture to the Government according to 18 U.S.C. § 924(d) and/or that the firearms and/or ammunition constitute evidence, contraband, or fruits of the crime to which the defendant has pleaded guilty. Accordingly, defendant relinquishes all claim, title and interest he has in the Intratech 9 mm. pistol, bearing serial number D007320, and any ammunition associated with such pistol and seized by the Government, to the Government with the agreement and consent that the Court, upon approval of this Plea Agreement, hereby directs the Bureau of Alcohol, Tobacco and Firearms, or any other appropriate agency, to destroy the firearm and ammunition forthwith without further obligation or duty whatsoever owing to the defendant or any other person.

The defendant waives any right he may have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the property described above.

As part of the Plea Agreement in this case, the defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that he hereby freely and voluntarily relinquishes all rights, title, and claim to the Intratech 9

mm. pistol, bearing serial number D007320, and any ammunition associated with such pistol and seized by the Government.

### E. Forfeiture of Assets

The defendant agrees to forfeit to the Government immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, section 924(d), whether in the possession or control of the Government or in the possession or control of the defendant or defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to the Intratech 9 mm. pistol, bearing serial number D007320, and any ammunition associated with such pistol and seized by the Government. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have.

The defendant admits and agrees that the conduct described in the Factual Basis provides a sufficient factual and statutory basis to establish that the requisite nexus exists between the specific property subject to forfeiture and the offense to which defendant is pleading guilty. Pursuant to the provisions of Rule 32.2(b)(1) of the FEDERAL RULES of CRIMINAL PROCEDURE, the Government and the defendant request that at the time of accepting this Plea Agreement, the Court find that the Government has established the requisite nexus and enter a preliminary order of forfeiture.

## II.  ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

*First*:  The defendant knowingly possessed a firearm and ammunition;

*Second*:  The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm and ammunition; and

*Third*:  Before the defendant possessed the firearm and ammunition, they had moved across state lines and/or from a foreign country to the United States.

Note: The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term also includes the frame or receiver of any such weapon, or any firearm muffler or silencer, or destructive device.

## III.  STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee.  If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

5

## IV.  COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.  That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.  To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the facts are as follows:

On May 20, 2010, Delacruz was convicted of aggravated robbery (Class 3 Felony) in Adams County District Court, Adams County, Colorado, case no. 2009CR2129 and sentenced to a suspended sentence of 16 years imprisonment and five years in the Youthful Offender System.

On April 7, 2015, Denver Police Department ("DPD") Officer Armstrong was conducting vice and narcotics suppression control in the 3800 block of North Peoria St., Denver, Colorado, which is a high narcotics activity area. Specifically, Officer Armstrong was patrolling the Quality Inn Hotel parking lot at 3795 Peoria Way looking for stolen vehicles or vehicles that were connected to crimes. As Officer Armstrong was waiting to pull out of the parking lot, he noticed a black, Dodge Journey directly in front of him fail to signal for a left turn as it headed into the hotel parking lot. As the Dodge Journey completed the left turn and drove towards Officer Armstrong, Officer Armstrong noticed that a Hispanic male, later identified as the defendant, with visible tattoos on his face was driving the Dodge Journey and a white female was seated in the passenger seat. As Officer Armstrong pulled out and made a u-turn to conduct a traffic stop, the Dodge Journey accelerated through the parking lot and evaded Officer Armstrong.

Officer Armstrong stationed his patrol car at the bend on 40th Avenue where it turns into Peoria Way in order to observe traffic to see if the Dodge Journey would return to the area. Approximately five minutes after parking at the bend, Officer Armstrong noticed the Dodge Journey approaching the bend from 40th Avenue. As the Dodge Journey passed Officer Armstrong's patrol car, Officer Armstrong noticed that the female was now driving and the defendant was seated in the passenger seat. Officer Armstrong activated his emergency lights and pulled the Dodge Journey over on 39th Avenue to execute a traffic stop.

Officer Armstrong approached the vehicle and asked the driver for identification. The female driver identified herself and gave Officer Armstrong her driver's license.

Officer Armstrong then asked the defendant for his identification. Officer Armstrong noticed that the defendant was visibly shaking and sweating profusely. The defendant told Officer Armstrong that he did not have any identification and stated that his name was Rae Lacruz and gave Officer Armstrong a date of birth. Officer Armstrong returned to his patrol car to verify the individuals' identities and check their records. Officer Armstrong found no record of Rae Lacruz. Given the facts, *i.e.*, evading, switching from the driver's seat to the passenger seat, shaking and sweating, giving a false name, and the fact that he was found in an area of high crime activity, Officer Armstrong requested that the defendant exit the vehicle in order to further question him about his name and date of birth.

As the defendant exited the vehicle, a fixed blade knife fell from under the defendant's leg onto the passenger side floor board. Officer Armstrong placed the defendant in handcuffs for safety precautions and handed him off to other DPD Officers on scene. Officer Armstrong then requested that the female exit the vehicle. While looking at the knife on the passenger side floorboard and the interior of the car, Officer Armstrong noticed in plain view what appeared to be the butt of a gun inside a green pillow case on the driver's side backseat floorboard area. Officer Armstrong also noticed several pipes and a digital scale with white residue on it.

Officer Armstrong returned to the defendant to further investigate the situation and asked the defendant for his name and date of birth. The defendant admitted that his name is Randiray Delacruz and that he had active state warrants out for his arrest. Officer Armstrong learned that the defendant's pending felony menacing case involves

the use of an Intratech, 9 mm. pistol that resembled the firearm on the backseat floorboard.  Officer Armstrong then secured the vehicle and sought a search warrant for the vehicle.  A search warrant was issued and Officer Armstrong found a loaded (22 rounds), Intratech 9 mm. pistol, bearing serial number D007320, in the green pillow case.  The Intratech 9mm pistol has the ability to fire many rounds without reloading because at the time it was recovered attached to it was a magazine that could accept more than 15 rounds of ammunition.

The Intratech 9 mm. firearm functions as designed.  Both the firearm and the ammunition associated with the firearm were not manufactured in the state of Colorado.  Therefore, they traveled in and/or affected interstate commerce prior to the defendant possessing them.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors.  One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission.  In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines.  To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

    A.    The base guideline is § 2K2.1(a)(3)(A), with a base offense level of **22** because the offense involved a semiautomatic firearm that is capable of

        accepting a large capacity magazine and the defendant committed the instate offense subsequent to sustaining a felony conviction for a crime of violence.

B.    Pursuant to § 2K2.1(b)(6)(B), the defendant's base offense level is increased by four levels because the defendant used the firearm in connection with another felony offense. This results in an adjusted offense level of **26**.

C.    No other specific offense characteristics under § 2K2.1(b) apply.

D.    There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

E.    The defendant should receive a **3-level** adjustment for acceptance of responsibility under § 3E1.1. The resulting offense level therefore would be **23**.

F.    The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on the information currently available to the parties, the Government estimates that the defendant's criminal history category would be **II**.

G.    Assuming the criminal history facts known to the parties are correct, the armed career criminal statute does not apply.

H.    <u>Imprisonment</u>: The advisory guideline range of imprisonment resulting from an offense level of **23** and the above criminal history category **II** is

    51 – 63 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 46 months (bottom of Category I) to 115 months (top of Category VI).

    In any event, the guideline range would not exceed the statutory maximum applicable to the count of conviction.

I. <u>Fine</u>:  Pursuant to guideline § 5E1.2, assuming the estimated offense level of <u>**23**</u>, the fine range for this offense would be $20,000 to $200,000 plus applicable interest and penalties.

J. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

K. The parties agree that there is no restitution in this case.

  The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range.  In doing so, the Court is not bound by the position of any party.

  No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines.  Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary

entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

### VII.  ENTIRE AGREEMENT

This document, as supplemented, states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the Government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 9/27/16

Randiray David Delacruz
Defendant

Date: 9/27/16

John M. Richilano
Attorney for Defendant

Date: 9/28/16

Jason St. Julien
Attorney for the United States

12